# Composite Exhibit 1

MARK SCHERLING,

    Plaintiff,

v.

IP ECOSYSTEMS, INC., a Texas corporation,

    Defendant.

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK SCHERLING, by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial (hereinafter, "Complaint") against Defendant, IP ECOSYSTEMS, INC., and in support thereof states as follows.

### Common Allegations – Jurisdiction and Venue

1. This is an action for damages in excess of $15,000.00, exclusive of interest, cost and attorney's fees.

2. At all relevant times, Plaintiff, MARK SCHERLING ("SCHERLING"), was and is an individual residing in Miami-Dade County, Florida.

3. At all relevant times, Defendant, IP ECOSYSTEMS, INC. ("IPE"), was and is a corporation organized under the laws of Texas, in existence since December 27, 2007, with its principal office located in Houston, Texas.

4. Upon information and belief, IPE's president is MICHAEL TORIGIAN ("TORIGIAN").

5. All facts and events stated herein concern IPE's employment of SCHERLING as a project manager for work related projects throughout the State of Florida.

1

6. SCHERLING has hired the services of the undersigned attorney and is obligated to pay his attorney's fees and costs of litigation.

7. All conditions precedent to filing this Complaint have been performed, have occurred or have otherwise been waived by Defendants.

## Common Allegations – Factual Background

8. On or about July 3, 2014, SCHERLING was hired by a company known as KUHL GROUP, which company was in the business of installing low voltage cables and related equipment in buildings for commercial customers located throughout the United States, including Florida.

9. Like KUHL GROUP, IPE was, and is, also in the business of installing low voltage cables and related equipment in buildings for commercial customers located throughout the United States, including Florida.

10. KUHL GROUP was associated and affiliated with IPE and TORIGIAN.

11. Upon information and belief, at some time prior to October 27, 2015, KUHL GROUP acquired the business of KUHL GROUP, and IPE took over its business.

## Count I – Breach of Oral Contract

12. SCHERLING re-alleges paragraphs 1 through 11 above.

13. On or about October 27, 2015, IPE hired SCHERLING to work as its project manager, overseeing all work projects taking place throughout the State of Florida.

14. IPE orally agreed to compensate SCHERLING at an annual rate of $60,000.00, based upon a 40-hour work week at $28.85 per hour, plus a bonus for all hours worked in excess of 40 hours a week, at the overtime rate of $43.28 per hour.

15. IPE also orally agreed to provide SCHERLING with a company vehicle to be used for business purposes, which included storing and transporting IPE's equipment and materials used on job sites and transporting SCHERLING and IPE's other employees and contractors.

16. IPE did not provide the company vehicle despite its promise.

17. In the meantime, SCHERLING used his personal vehicle for IPE's business purposes.

18. During the course of employment, SCHERLING continued to ask when IPE would be providing him with a company vehicle as promised.

19. When SCHERLING asked about a company vehicle, IPE continually promised it would provide the same, but never did so as promised.

20. IPE knew SCHERLING was using his personal vehicle for IPE's business purposes.

21. Instead of providing a company vehicle, IPE continued to promise it would provide a company vehicle without actually doing so, in order to induce SCHERLING to keep using his vehicle for IPE's business without being compensated.

22. SCHERLING continued to work for IPE as project manager until March 15, 2018, when IPE abruptly terminated his employment.

23. Prior to SCHERLING's termination, IPE failed to pay all compensation for overtime wages accrued and due, and compensation for use of SCHERLING's vehicle.

24. An oral contract existed between the parties, evidenced by IPE's offer of employment; acceptance by SCHERLING; and by consideration through SCHERLING's work and payment of compensation by IPE.

25. IPE breached the oral contract by failing to pay all compensation for wages and/or overtime wages accrued and due, and compensation for use of SCHERLING's vehicle.

26. As a result of IPE's breach of oral contract, SCHERLING suffered damages.

**WHEREFORE**, Plaintiff, MARK SCHERLING, demands judgment against Defendant, IP ECOSYSTEMS, INC., for damages, interest, and costs, and for any other relief deemed appropriate by the Court.

## Count II – Quantum Meruit

27. SCHERLING re-alleges paragraphs 1 through 11 above.

28. On or about October 27, 2015, SCHERLING began performing work for IPE as its project manager, overseeing all work projects taking place throughout the State of Florida.

29. As compensation, IPE compensated SCHERLING at an annual rate of $60,000.00, based upon a 40-hour work week at $28.85 per hour, plus a bonus for all hours worked in excess of 40 hours a week, at the overtime rate of $43.28 per hour.

30. SCHERLING also provided the use of his personal vehicle for IPE's business purposes, which included storing and transporting IPE's equipment and materials used on job sites and transporting SCHERLING and IPE's other employees or contractors.

31. IPE failed to compensate SCHERLING for the use of his vehicle including but not limited to payments for gas and tolls; the time of use; maintenance; and depreciation.

32. SCHERLING continued to work for IPE as project manager until March 15, 2018, when IPE abruptly terminated his employment.

33. Prior to SCHERLING's termination, IPE failed to pay all compensation for wages and/or overtime wages accrued and due, and compensation for use of SCHERLING's vehicle.

34. SCHERLING provided a benefit to IPE through his work as a project manager and through the use of his vehicle for IPE's business purposes.

35. IPE assented to and received the benefit of SCHERLING's work as a project manager and through the use of his vehicle for IPE's business purposes.

36. In the ordinary course of common events such as those alleged herein, a reasonable person receiving such a benefit normally would expect to pay for it.

37. IPE's failure to pay all compensation for wages and/or overtime wages accrued and due, and compensation for use of SCHERLING's vehicle has caused SCHERLING to suffer damages.

**WHEREFORE**, Plaintiff, MARK SCHERLING, demands judgment against Defendant, IP ECOSYSTEMS, INC., for damages, interest, and costs, and for any other relief deemed appropriate by the Court.

### Count III – Unjust Enrichment (Quasi Contract)

38. SCHERLING re-alleges paragraphs 1 through 11 above.

39. On or about October 27, 2015, SCHERLING began performing work for IPE as its project manager, overseeing all work projects taking place throughout the State of Florida.

40. As compensation, IPE compensated SCHERLING at an annual rate of $60,000.00, based upon a 40-hour work week at $28.85 per hour, plus a bonus for all hours worked in excess of 40 hours a week, at the overtime rate of $43.28 per hour.

41. SCHERLING also provided the use of his personal vehicle for IPE's business purposes, which included storing and transporting IPE's equipment and materials used on job sites and transporting SCHERLING and IPE's other employees or contractors.

42. IPE failed to compensate SCHERLING for the use of his vehicle including but not limited to payments for gas and tolls; the time of use; maintenance; and depreciation.

43. SCHERLING continued to work for IPE as project manager until March 15, 2018, when IPE abruptly terminated his employment.

44. Prior to SCHERLING's termination, IPE failed to pay all compensation for overtime wages accrued and due, and compensation for use of SCHERLING's vehicle.

45. SCHERLING conferred benefits to IPE through his work as a project manager and through the use of his vehicle for IPE's business purposes.

46. IPE had knowledge of the benefits and accepted and retained the benefits conferred; evidenced by its compensation for some, but not all wages and/or overtime wages, and some payment toward use of the vehicle including gas and tolls.

47. Circumstances are such that it would be inequitable for IPE to retain the benefits without paying fair value for it.

48. IPE's failure to pay all compensation for wages and/or overtime wages accrued and due, and compensation for use of SCHERLING's vehicle has caused SCHERLING to suffer damages.

**WHEREFORE**, Plaintiff, MARK SCHERLING, demands judgment against Defendant, IP ECOSYSTEMS, INC., for damages, interest, and costs, and for any other relief deemed appropriate by the Court.

### Count IV – Violation of 29 U.S.C.A. Chapter 8, Fair Labor Standards Act of 1938

49. SCHERLING re-alleges paragraphs 1 through 11 above.

50. On or about October 27, 2015, IPE hired SCHERLING to work as its project manager, overseeing all work projects taking place throughout the State of Florida.

51. IPE orally agreed to compensate SCHERLING at an annual rate of $60,000.00, based upon a 40-hour work week at $28.85 per hour, plus a bonus for all hours worked in excess of 40 hours a week, at the overtime rate of $43.28 per hour.

52. IPE also orally agreed to compensate SCHERLING for use of his personal vehicle for IPE's business purposes, which included storing and transporting IPE's equipment and materials used on job sites and transporting SCHERLING and IPE's other employees or contractors.

53. The agreed compensation for SCHERLING's vehicle was payment for things including but not limited to the time of use; gas; tolls; maintenance; and depreciation.

54. SCHERLING continued to work for IPE as project manager until March 15, 2018, when IPE abruptly terminated his employment.

55. Prior to SCHERLING's termination, IPE failed to pay all compensation for wages and/or overtime wages accrued and due, and compensation for use of SCHERLING's vehicle.

56. IPE failure to pay all compensation for wages and/or overtime wages accrued and due, and compensation for use of SCHERLING's vehicle is a violation of 29 U.S.C.A. Chapter 8, Fair Labor Standards Act of 1938 ("FLSA"); specifically, the 29 U.S.C.A. §§ 206 and 207.

57. Pursuant to FLSA, SCHERLING is entitled to the payment of wages lost and an additional equal amount as liquidated damages (i.e. two times the amount of damages) and shall be awarded reasonable attorney's fees and costs. *See* 29 U.S.C.A. § 216.

58. Pursuant to the FLSA, said act shall not excuse noncompliance with any Federal or State law, including Florida law. *See* 29 U.S.C.A. § 218.

59. Therefore, this claim for violation of FLSA, is made in addition to, and not in lieu of, all other claims made in this Complaint.

60. As a result of IPE's failure to pay all compensation for wages and/or overtime wages accrued and due, and compensation for use of SCHERLING's vehicle, SCHERLING suffered damages.

**WHEREFORE**, Plaintiff, MARK SCHERLING, demands judgment against Defendant, IP ECOSYSTEMS, INC., for full amount of any wages lost and an additional equal amount as liquidated damages, interest, attorney's fees and costs, and for any other relief deemed appropriate by the Court.

### Consent Pursuant to 28 U.S.C.A. § 216(b)

I, MARK SCHERLING, hereby consent to being named as a party plaintiff in the instant Complaint, specifically to Count IV - Violation of 29 U.S.C.A. Chapter 8, Fair Labor Standards Act of 1938, as required pursuant to 28 U.S.C.A. § 216(b).

Date: January 30th, 2020.

Mark Scherling

Respectfully Submitted,

LAW OFFICES OF GOLD & PARADO
9200 South Dadeland Boulevard
Suite 208 – Dadeland Towers
Miami, FL 33156
Tel:    (305) 667-0475
Email: agold@acgoldlaw.com
       jparado@acgoldlaw.com
       nancy@acgoldlaw.com

/s/    James L. Parado                 (electronic)
BY:    ALAN C. GOLD, ESQUIRE
       Florida Bar Number: 304875
       JAMES L. PARADO, ESQUIRE
       Florida Bar Number: 0580910

8

Filing # 102548111 E-Filed 01/31/2020 10:48:16 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

Mark Scherling
Plaintiff
       vs.
IP ECOSYSTEMS, INC.
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $50,000

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
- ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation
- ☐ County Civil
    - ☐ Small Claims up to $8,000
    - ☐ Civil
    - ☐ Replevins
    - ☐ Evictions
    - ☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:**
(Specify)

IV

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ Yes
☒ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  s/ Alan Craig Gold
       Attorney or party
FL Bar No.: 304875
       (Bar number, if attorney)
       Alan Craig Gold
       (Type or print name)
   Date:  01/31/2020

## AFFIDAVIT OF SERVICE

**State of Florida**          **County of Miami-Dade**          **Circuit Court**

Case Number: 2020-002338(CA01)

Plaintiff:
**MARK SCHERLING**
vs.
Defendant:
**IP ECOSYSTEMS, INC., A TEXAS CORPORATION**

For: Alan Gold
   Law Offices of Gold & Parado

Received by Caplan, Caplan & Caplan Process Servers on the 11th day of February, 2020 at 4:40 pm to be served on **IP ECOSYSTEMS, INC BY SERVING ITS REGISTERED AGENT: CAPITOL CORPORATION SERVICES, INC, 206 E. 9TH STREET, SUITE 1300, AUSTIN, TX 78701.**, I, Jeff Kerton, being duly sworn, depose and say that on the 14th day of February, 2020 at 10:53 a.m., executed service by delivering a true copy of the SUMMONS, 20 DAY CORPORATE SERVICE, COMPLAINT AND DEMAND FOR JURY TRIAL in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____, Served the within-named agency by delivering a true copy of pleadings and informed said person of the contents therein, with the date, hour and intials of service endorsed thereon by me in compliance with State Statutes.

( ) CORPORATE SERVICE/LLC: By serving _____ as _____ Served the within-named person by delivering a true copy of pleadings and informed said person of the contents therein, with the date, hour and intials of service endorsed thereon by me in compliance with State Statutes.

(X) CORPORATE REGISTERED AGENT: By serving Joe Diggetti as designated Agent Served the within-named person by delivering a true copy of pleadings and informed said person of the contents therein, with the date, hour and intials of service endorsed thereon by me in compliance with State Statutes.

( ) CORPORATE REGISTERED AGENT EMPLOYEE :By serving _____ as _____ Served the named person by delivering a true copy of pleadings and informed person of the contents therein, with the date, hour and intials of service endorsed thereon by me in compliance with F.S. 48.081 (3)(a) and F.S. 48.091 as the registered agent failed to comply by not being available for service between the hours of 10 am and 12 pm.

( ) CORPORATE SUBSTITUTE:By serving _____ as _____ Served the named person at a residence by delivering a true copy of pleadings and informed person of the contents therein, with the date, hour and intials of service endorsed thereon by me in compliance with F.S. 48.081(3)(b) and 48.031(1)(a) as the registered agent failed to comply by not being available for service between the hours of 10 am and 12 pm.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

## AFFIDAVIT OF SERVICE For 2020-002338(CA01)

Under penalties of perjury, I declare that I have read the foregoing Affidavit of Service / Return of Service and that the facts stated in it are true. I certify that I have no interest in the above action, am of legal age and service was made within this state by an officer authorized to serve process where the person was served.

Subscribed and Sworn to before me on the 13th day of February, 2020 by the affiant who is personally known to me.

Helen Broussard
NOTARY PUBLIC

Helen Broussard
My Commission Expires
11/04/2023
ID No. 130423827

Jeff Reyes
PROCESS SERVER #: RSC-735, EXP 7/31/2020
Appointed in accordance with State Statutes

Caplan, Caplan & Caplan Process Servers
12865 Orange Drive
Suite 103
Davie, FL 33330
(305) 374-3126

Our Job Serial Number: 2020003289

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.0n

Filing # 102724547 E-Filed 02/04/2020 02:15:33 PM            FEB 11 2020

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION ☒ CIVIL ☐ OTHER ☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 2020-002338 (CA01) |
|---|---|---|
| PLAINTIFF(S) MARK SCHERLING | VS. DEFENDANT(S) IP ECOSYSTEMS, INC., a Texas Corporation | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): IP ECOSYSTEMS, INC. by serving its Registered Agent Capitol Corporation Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701    DATE 2/14/20    TIME 10:56 AM

INITIAL JK    BADGE# BC-735

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Alan C. Gold, Esquire and/or James L. Parado, Esquire

whose address is: Law Offices of Gold & Parado
9200 South Dadeland Boulevard, Suite 208, Miami, FL 33156; 305-667-0475
agold@acgoldlaw.com; jparado@acgoldlaw.com; nancy@acgoldlaw.com

within 20 days." Except when suit is brought pursuant to s. 768.28, Florida Statutes. If the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK of COURTS | [seal] | DATE 2/5/2020 |
|---|---|---|

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/18                                    Clerk's web address: www.miami-dadeclerk.com

5 af 9

Filing # 102724547 E-Filed 02/04/2020 02:15:53 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL  ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2020-002338 (CA01) |
|---|---|---|
| **PLAINTIFF(S)**<br>MARK SCHERLING | VS. **DEFENDANT(S)**<br>IP ECOSYSTEMS, INC., a Texas Corporation | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): IP ECOSYSTEMS, INC. by serving its Registered Agent

Capitol Corporation Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Alan C. Gold, Esquire and/or James L. Parado, Esquire

whose address is: Law Offices of Gold & Parado

9200 South Dadeland Boulevard, Suite 208, Miami, FL 33156; 305-667-0475

agold@acgoldlaw.com; jparado@acgoldlaw.com; nancy@acgoldlaw.com

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | DEPUTY CLERK | DATE<br>2/5/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/16    Clerk's web address: www.miami-dadeclerk.com